IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRANK BRETT,                          )
                                      )
            Plaintiff,                )
                                      )
    v.                                ) Civ. Action No. 12-1516-GMS
                                      )
UNKNOWN BLACK WOMAN JOGGER, )
                                      )
            Defendant.                )

## MEMORANDUM

The plaintiff, Frank Brett ("Brett"), filed this lawsuit on November 21, 2012. (D.I. 4.)

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 6.)  The court now proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915.

## I. BACKGROUND

Brett, who resides in Philadelphia, Pennsylvania, filed this case for discrimination based

upon religion.  Brett alleges that he was: (1) slandered by a black woman jogger ("the

defendant") and her friends when they stated that he was a "retarded Catholic man;" (2) the

defendant invaded his privacy on November 21, 2012 when she jogged passed him and stated,

"good morning;" and (3) the defendant was "trying to steal [his] civil rights which is criminal."

(D.I. 4.)  Brett seeks one million dollars in compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions

that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When

determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*
*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a
claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine
whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim
for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Brett's
entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the
well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,
the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556
U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Brett alleges discrimination by reason of religion but does not identify the religion he
practices, although he alleges that he was referred to as a Catholic. In addition, it is unclear
where the alleged discrimination occurred. While there are other allegations, they do not refer to
the defendant. After thoroughly reviewing the complaint, the court draws on its judicial
experience and common sense and finds that the allegations are not plausible on their face.
Indeed, the complaint consists of fantastical or delusional claims that are clearly baseless and

---

[1] A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

they are insufficient to withstand this court's evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Because the court finds the allegations the complaint wholly lacking in both terms of credibility and rationality, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In light of the nature of Brett's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

## IV. SHOW CAUSE

Plaintiff has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. Since April 27, 2011, Plaintiff has filed the following lawsuits in this District, alleging violations of his civil rights by reason of religion and/or sex and, on occasion, slander, as follows: *Brett v. Watson*, Civ. No. 11-376-GMS; *Brett v. Fed Ex Office and Employees*, Civ. No. 11-780-GMS; *Brett v. Wright*, Civ. No. 12-706-GMS; *Brett v. ING Financial Partners*, Civ. No. 12-807-GMS; *Brett v. Unknown Brother*, Civ. No. 12-1350-GMS; *Brett v. Unknown Black Woman Jogger*, Civ. No. 12-1516-GMS; and *Brett v. Unknown Latin American Man*, Civ. No. 12-1751-GMS. These lawsuits were filed against numerous known and unknown individuals. With the exception of one, all cases have been screened by the court, and all the screened cases were frivolous.

Because of Brett's vexatious litigious actions, this Court has the power to enjoin him from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d

745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (unpublished).  Brett

has engaged in filing meritless pleadings raising identical or similar issues to those previously

adjudicated.

For the above reasons, Brett will be ordered to shall show cause, in writing, why he

should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed

in the United States District Court for the District of Delaware regarding or relating to alleged

violations of his civil rights by reason of religion and/or sex and slander including, but not

limited to, actions against unknown individuals.

## V.  CONCLUSION

The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Amendment of the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004);

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*,

532 F.2d 950, 951-52 (3d Cir. 1976).  Brett will be ordered to show cause why he should not be

enjoined from filing actions regarding or related to alleged violations of his civil rights by reason

of religion and/or sex and slander including, but not limited to, actions against unknown

individuals.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ , 2013
Wilmington, Delaware

5